206    155
f218   392

# Brew, Appellant, *v.* Hastings.

*Partnership—Accounting—Dissolution.*

Where stipulations in articles of copartnership for a term of ten years provide for the continuance of the firm after the death of a member, and that the representatives of a deceased partner shall not participate in the management, but shall receive six per cent per annum on the capital invested, and a share of the profits from year to year, the representatives of a deceased partner have no standing by bill in equity until the expiration of the term to demand an accounting for interest and profits, where the surviving partners by their answers show that the deceased partner at the time of his death had withdrawn from the firm an amount in excess of his interest therein.

Argued April 21, 1903. Appeal, No. 294, Jan. T., 1902, by plaintiff, from decree of C. P. Centre Co., April T., 1901, No. 2, dismissing bill in equity in case of George T. Brew, Administrator of George W. Jackson, Deceased, *v.* Daniel H. Hastings et al., trading as Jackson, Hastings & Company. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an account.

LOVE, P. J., filed the following opinion:

The plaintiff filed his bill, alleging the formation of the partnership of Jackson, Hasting & Company, August 31, 1897, between Geo. W. Jackson, Daniel H. Hastings, J. Henry Cochrane and Henry C. McCormick. That the capital stock was

$50,000, of which sum Geo. W. Jackson was to pay into the common fund $20,000 ; D. H. Hastings, $16,666⅔ ; J. Henry Cochrane, $6,666⅔, and H. C. McCormick, $6,666⅔. That the said Geo. W. Jackson did contribute his $20,000 to said capital stock. That Geo. W. Jackson died intestate October 22, 1897, and letters of administration duly issued to Geo. T. Brew, plaintiff, and Geo. L. Jackson. That Geo. L. Jackson died on or about May 21, 1900.

That the partnership was to continue for the term of ten years. That the fourth paragraph of the acticles of copartner-ship provided : " That in the event of the death of one or more of the partners before the expiration of the term fixed for the dura-tion of the partnership, the capital of the deceased partner or partners shall remain in and be employed in the business until the end of the term for which this partnership is created unless otherwise agreed between the surviving partners or partner, and the legal representatives of the deceased partner or part-ners, and the survivor or survivors shall have the right to con-tinue to use the copartnership name. The legal representa-tives of the deceased partner or partners in such case, however, shall be paid six per cent per annum on the capital invested by said partner or partners, and shall also participate from year to year, during the term aforesaid, in the earnings, in the same manner, in the same proportions and to the same extent, as the deceased partner himself would have participated under the terms of this agreement, had he continued in full life until the expiration of the term of the partnership hereby fixed. And it is further distinctly agreed that the surviving partner or partners shall have the entire, exclusive and independent management of the business as fully as all the partners now have, with no increased liability for mistakes, accidents or er-rors of judgment, and the legal representatives of any deceased copartner shall at no time have any voice in or power of con-trol over the policy of the management or conduct in said busi-ness."

That the capital of said Geo. W. Jackson, deceased, interest and undivided profits have remained in said business under the custody and control of said defendants from the date of his death, October 22, 1897, to the time of filing the bill. That the plaintiff has repeatedly demanded the payment of the interest

due upon the capital of said Geo. W. Jackson in said business, and that the defendants have refused and still refuse to pay the same, and refuse to render any statement or account of the profits of said business.

The prayers are for a decree for the payment of $3,600, the amount of interest alleged to be due on the capital of the decedent in said partnership, and for an accounting of the profits thereof to the time of the filing of said bill.

The answer admits most of the facts alleged in the bill. It denies that any demand was made for the payment of the interest by the plaintiff. It denies the liability of the defendants to pay the interest, or to account. It alleges that the decedent was largely indebted to the partnership; that the administrators paid on account of the said indebtedness the sum of about $43,000; that the estate of the decedent is still indebted to the partnership, in excess of the capital stock of said decedent in the partnership, and that there is no liability to account, until the term of the partnership expires. The answer also alleges that the matters alleged in the bill are res adjudicata; that they were passed upon and determined in No. 1, August term, 1898, between the same parties, when this court decreed an accounting to be had, from which an appeal was taken to the Supreme Court and the decree of the lower court reversed, reported in Brew v. Hastings et al., 196 Pa. 222.

The facts, as appear from the pleadings and evidence, are as follows : The firm or copartnership of Jackson, Hastings & Company was formed between Geo. W. Jackson, D. H. Hastings, J. Henry Cochrane and H. C. McCormick, August 31, 1897. The contract of partnership was in writing of that date and prescribed the terms and conditions of the partnership, the term of ten years for which it was to continue and fixed the capital stock at $50,000. Geo W. Jackson paid into the concern $20,000 as his share; D. H. Hastings, $16,666⅔, and each of the other partners $6,666⅔ each. It was provided that the death of one or more of the partners should not work a dissolution of the partnership; that the capital of a deceased partner should remain in the business until the expiration of the term provided for in the agreement, and that the legal representatives of a deceased partner should receive six per cent per annum upon the capital of such deceased partner, as well as

participate from year to year in the earnings, in the same manner and in the same proportions and to the same extent, as the deceased partner would have done, while living. The survivor or survivors are to have the exclusive and entire control of the business. Geo. W. Jackson died on or about October 22, 1897. That the survivors have continued the business in the firm name of Jackson, Hastings & Company ever since. That the survivors or the firm have neither paid the interest, as provided in the agreement, nor have they rendered any account of the profits or earnings of the business from year to year, but have refused to pay the interest or render any account of the earnings of the business to the legal representative of the estate of said Geo. W. Jackson, deceased.

That the plaintiff, the duly qualified administrator of the estate of Geo. W. Jackson, deceased, has demanded the payment of the interest and an account of the earnings of the business from the defendants, but they have refused to either pay the interest or to render any account. The defendants, however, contend that they are not liable to either pay the interest claimed by the plaintiff or account as provided in the articles of copartnership, because they allege the estate of Geo. W. Jackson is still indebted to the partnership to an amount in excess of his capital stock therein. This is denied by the plaintiff.

The real question, therefore, involved is as to the right of the defendants to set off their alleged claim against the said estate against the claim of the plaintiff, based upon the express terms and conditions of the contract of copartnership.

The contention of the defendants involves the following propositions:

1. The right, that under the contract of copartnership, because of the alleged indebtedness of the estate of Geo. W. Jackson, deceased, to the firm, they are not liable, legally or equitably, to pay the interest, as provided in the agreement or to account.

2. That, notwithstanding that the legal representatives of the estate of said decedent deny said alleged indebtedness, yet the defendants are in nowise obliged to establish said claim against said estate by legal proof, and that they have the right to refuse the inspection or examination of the books and ac-

counts of the firm to the plaintiff, whereby the justness and legality of said alleged indebtedness could be determined.

3. That, because of the said alleged indebtedness due the firm, that the defendants, without proving their claim, can offset it against the demands of the plaintiff, based on the express terms of the contract of copartnership, and thus they assume the right to distribute the estate of the decedent, regardless of the rights of other creditors thereof or of the insolvency of the estate.

4. That the said alleged claim of the firm against the estate, without duly proving the same or putting it in judgment, is entitled to preference over the claims of other creditors of said estate, and further, that the defendants can definitely violate and repudiate the terms of the contract of copartnership and refuse to be bound by, or comply with the terms thereof while the legal representatives of the estate of Geo. W. Jackson are to be held and bound by the very letter of it, until it expires by its own limitation.

These propositions are practically the same as were involved when the case was before us in the case of Brew v. Hastings et al., to No. 1, August term, 1898. We then found and held that partnership was practically dissolved; not because the evidence of a parol agreement to dissolve warranted it, as we distinctly said it did not, but that the parties so treated it, and we decreed a dissolution of it. The decree was based upon all the evidence, acts and the claim of the defendants that they were not obliged to comply with the terms of the articles of copartnership, and did not propose to. That they did not propose to pay the annual interest upon the capital of the estate of Geo. W. Jackson in the business, or allow his legal representatives to also participate from year to year in the earnings of the business. They assumed, as they do now, that because of their alleged claim against the estate of said decedent, they could appropriate the capital of said decedent to the payment of their claim, the legality of which was denied, without legally proving the same or putting it in judgment, and thus liquidate the interest of said decedent in the partnership in their own way, regardless of the rights of other creditors of the estate, or of its insolvency. We had always understood the law to be, and in fact had not heard it mooted, that a con-

tract should be mutually binding upon all parties to it; and, if one or the other of the parties refuse to be bound or comply with its terms, that the other could have a remedy for the breach thereof or rescind the contract. Thus the contractual relation would be dissolved and, if it were a contract of partnership, it would work its dissolution, and the accounts of the partnership would be subject to adjustment and settlement and the rights of the parties determined.

Inasmuch as the defendants claimed the right and assumed to liquidate the interest of the estate of Geo. W. Jackson in the copartnership, with the other facts in the case, and their refusal to abide by the terms of the agreement, we felt warranted in decreeing a dissolution of the partnership, when the case was before us on the prior ·hearing. We also held that, if the estate was indebted to the firm as alleged, that the firm, as a creditor of the estate, had no preference over other creditors, and that the defendants could not assume to distribute in their own way the estate of the decedent.

This is a preliminary hearing, asking for a decree, ordering an account and the payment of money. The defendants take the same position now that they did in the former hearing and trial. They deny their legal liability to pay the interest on the capital of decedent's estate paid into the partnership annually, and to pay the earnings from year to year, as provided in the agreement, because they allege the estate is indebted to them in excess of the amount of the said capital paid in. In other words, they are not obliged to perform their part of the contract. They do not retain the said capital as a loan under the articles, but appropriate it to a claim that is disputed. Suppose the defendants asserted no claim against the estate of Geo. W. Jackson, and the defendants refused to pay the interest and the earnings from year to year, as provided in the agreement, would it be held that the estate would be bound by the letter of the agreement, and would be remediless, until the term of the partnership expired by the limitation therein provided? We hardly think so.

So the question involved in the case is, whether one party to a contract is to be bound and the other not? Whether the defendants, because of an alleged claim, which is denied by the plaintiff, can assume to appropriate the interest of Geo.

W. Jackson, deceased, to the payment thereof, without legally proving the same or subjecting it to proper investigation and examination, and thus liquidate the interest of said estate in the partnership, and further whether the defendant can assume to distribute the estate of said decedent, regardless of the rights of other creditors or its insolvency; the defendants contend they have such right. It would appear from the decision in Brew v. Hastings et al., 196 Pa. 222, it was meant to sustain the contention of the defendants and that they are not liable to account. Under that decision, we feel constrained to dismiss the bill, and refuse the prayers thereof.

*Error assigned* was the decree of the court.

*Charles P. Hewes*, with him *John M. Dale*, for appellant.

*Seth T. McCormick*, with him *Wilbur F. Reeder*, for appellees.

PER CURIAM, May 11, 1903:

In the case of Brew v. Hastings et al., 196 Pa. 222, we decided that the partnership agreement between the parties of September 1, 1897, was a valid one equally binding upon all and that their rights and remedies against each other must be defined and restricted by its terms. That suit was brought in 1899, the one before us in March, 1901. We did not hold in the former, nor do we hold in this case, that defendants are not accountable; we do hold, that under the agreement the suits for an account now are premature and the decree of the learned judge of the court below is to that effect, although his reasoning would lead to an entirely different one. In substance, part of the argument of the able counsel for appellant is an apology for the inconsistent reasons given; but these are immaterial; as we have more than once said, we do not review reasons for judgments. If the judgment be right, even though the reasons given wholly fail to sustain it, or would logically lead to a different one, it must stand.

In the first case, in our view of the law, we felt compelled to reverse the judgment and at some length we gave our reasons therefor; in the present case, the learned judge of the court

below inadvertently fell into the mistake of assuming that one of his functions was that of reviewing a decree of this court, while the law and the constitution restrict that function to a vindication of his own; hence this anomalous record of an opinion calling for a decree in favor of plaintiff, yet concluding with one in favor of defendants. But as the decree is right, the reasons work no material injury to anybody; we pass them over therefore as harmless and affirm his decree.

Decree affirmed accordingly.