Leon H. Benjamin, Appellant, *v.* Nernberg.

·Argued April 24, 1931.

Before TREX-. LER, P. J., KELLER, GAWTHROP, BALDRIGE and DREW, JJ.

*Oliver K. Eaton,* for appellant, cited: Toohey et al. v. Webster, 117 Atlantic Reporter 838; Douglas v. Converse, 248 Pa. 232.

*J. Roy Dickie,* of *Dickie, Robinson & McCamey,* for appellee, cited: 31 Scotch Law Review 194; Blakely v. White Star Line, 154 Michigan 635; Kavafian v. Seattle Baseball Club Association, 105 Washington 219.

OPINION BY DREW, J., July 8, 1931:

This action was brought to recover damages for personal injuries sustained by plaintiff on July 25, 1928, while playing golf in a foursome, on the public links in Schenley Park, Pittsburgh. The jury returned a verdict in favor of plaintiff, but later, on motion, the court entered judgment n. o. v. for defendant on the ground that no negligence had been shown and that plaintiff had assumed the risk of injury. This appeal resulted. There is only one question before us, to wit: whether there was evidence in the case which the court was obliged to submit to the jury.

The facts from the testimony are as follows: appellant (hereinafter for convenience called plaintiff) had played around the course to No. 6 green and was in the act of lining up his ball, preparatory to attempting to putt it into the cup, when he was struck in the mouth by a ball driven by the defendant. Defendant had played the course to No. 7 tee. He, too, was playing in a foursome, and when his party reached that tee, two of his companions, Steinberg and Jacobs, in turn drove their balls toward No. 7 green and defendant followed in an attempt to do the same. When he hit his ball, however, it did not go straight toward

the green but went at a sharp angle to the left and struck plaintiff, on No. 6 green. This green is not in the line of play from No. 7 tee. It is 120 feet to the left of that tee, and forward of it about 100 feet.

At the time defendant drove his ball there was no one on No. 7 fairway or green in front of him. When he struck the ball, Shulgold, his other companion, seeing that it had been "hooked" toward plaintiff, shouted "fore," but this warning was not sufficiently timely to save plaintiff. None of the three other players, Steinberg, Jacobs or defendant himself, shouted "fore" or gave any warning whatever before defendant struck his ball. Shulgold testified that the defendant's ball "went straight the way he was facing" and that "he was not aiming at No. 7 green." This testimony is significant inasmuch as Shulgold admitted he did not give any warning until after the ball had been driven and he saw that it was travelling off the line and toward plaintiff. It is perfectly obvious that defendant's intention and effort was to drive the ball straight down the fairway to No. 7 green. There would seem to have been no doubt of this in the mind of any of the players, including Shulgold, because not one of them gave any warning until after the ball was driven.

The contention of the plaintiff was that defendant was guilty of negligence, in not warning him, by shouting "fore," before driving his ball. The answer of defendant was that he was not bound to warn plaintiff, under the circumstances, and that plaintiff assumed the risks of the game.

Although the game of golf has been played for many years by thousands of people, serious accidents to players resulting in litigation have been so few that there is little in the books to help the court. The case of Toohey v. Webster, 97 N. J. Law 545, 117 Atl. Rep. 838, relied upon by appellant is not in point. In that

case the plaintiff, a boy 13 years of age who was acting as a caddie, was 35 to 75 yards ahead of defendant and but 4 or 5 feet outside the direct line of play, when defendant without giving timely warning attempted to loft his ball over the heads of parties out in front of him, and struck plaintiff. Defendant admitted he did not see plaintiff until after he made his shot. All the other witnesses who were on the course testified that they saw the plaintiff as defendant made his shot. Under these circumstances the court decided that the case was for the jury on the question of defendant's negligence and said: "With these people out in front of him, and with the knowledge that his ball might deviate from the intended course, defendant attempted a shot in the direction of the fourth hole, intending to loft his ball over the bunker on the fourth fairway and over the heads of all who might be between him and the bunker, but instead of a lofted shot the ball carried low and curved to the left. Under such circumstances the defendant was under a duty to use reasonable care, before delivering his stroke, to observe whether there were any persons in the general direction of his drive who might be endangered thereby, and, if so, to see that they were adequately warned."

The only case in point we have been able to find is that of Andrew v. Stevenson, 31 Scottish Law Review, 194, 198. There the plaintiff, in a foursome, was playing to the third hole, and having played his approach shot, walked away to the right and stood watching his opponent's play. Defendant, playing in a single, when 84 yards behind plaintiff, and not playing over anyone's head or driving into anyone, but down a clear and open course, played, but his ball "sliced" and diverting to the right, struck plaintiff. It was held that in these circumstances the defendant was not liable in damages. The court said: "I do not for a

moment profess to lay down that whenever a player thinks he sees what seems to him a clear space in front of him he can proceed at once to play a full shot, or, for that matter, any shot, regardless of the risk of striking some other player,'' but in the case before him he could not say that a full shot down an open course, when the nearest person in front was 84 yards off and well out of the direction, constituted fault. The stroke might not have been correctly played, as was indeed evidenced by the ''slice'' on the ball, but that could not create legal liability or of itself give a right to damages to a person struck, for persons engaged in playing a game take all the risks which may arise in its pursuit.

We see no reason why these principles should not apply to the instant case. Here the entire No. 7 fairway was clear before the defendant; plaintiff was not in the line of defendant's play; he was not where anyone could reasonably believe that he was in danger of being struck by a ball driven from No. 7 tee; it was not until after the ball was driven and it appeared that defendant had made a bad shot, and when the ball was going directly towards plaintiff, that anyone thought it necessary to shout a warning. There was no duty, under the facts of this case, on defendant to warn plaintiff of his intention to play. We cannot see that defendant was at fault or that he disregarded any rule or custom of the game.

It must be admitted that plaintiff assumed all the ordinary dangers incident to the game: Douglas v. Converse, 248 Pa. 232. Having already decided that there was no duty on defendant to warn plaintiff of the intended play, it follows that, if plaintiff was struck by a ball driven by defendant, the plaintiff had assumed, as a matter of law, the risk of injury resulting from his own participation in the game he and all the others were then playing. It is well known that

not every shot played by a golfer goes to the point where he intends it to go. If such were the case, every player would be perfect and the whole pleasure of the sport would be lost. It is common knowledge, at least among players, that many bad shots must result although every stroke is delivered with the best possible intention and without any negligence whatever. The plaintiff himself had been playing golf for a period of about 20 years and must therefore be held to be familiar with all the risks of the game. He must have known that many bad shots carry the ball to the right or the left of an intended line of play, and that if others were playing to the right or left, they would of course be endangered by such bad shots. This risk all golf players must accept.

Judgment affirmed.