## Hoke et ux. v. Lykens School District et al.

*James E. Snyder*, for plaintiffs.

*E. LeRoy Keen, Homer L. Kreider* and *Martin H. Lock*, for defendants.

RUPP, P. J., July 16, 1949.—Plaintiffs filed a complaint in trespass against defendant to recover for personal injuries allegedly sustained by plaintiff Ethel N. Hoke.

The complaint pleads, inter alia, that plaintiffs are husband and wife; that on the evening of September 15, 1948, they were witnessing a baseball game played on premises in the Borough of Lykens and Township of Wiconisco, Dauphin County, owned by defendant school districts; that they were occupying the grandstand maintained and operated by defendants on said property; that the baseball game was being conducted

by defendant athletic association with the knowledge and consent of defendant school districts; that the defendant athletic association invited the general public to witness the game and charged an admission fee for the privilege of witnessing the game and for the privilege of occupying the grandstand, which fee each of plaintiffs had paid; that plaintiff Ethel N. Hoke, while sitting in the grandstand, was struck by a "foul-tipped ball", resulting in serious injuries to her; and that the injuries were due to the negligence of defendants, their agents, servants and employes, in "failing to maintain and erect proper safeguard on the said grandstand to protect and safeguard properly the safety of the plaintiffs and other persons lawfully using and occupying the said grandstand and failing to protect and safeguard properly them from baseballs or other missiles, batted, thrown or cast from the baseball grounds into the said grandstand."

All defendants filed preliminary objections to the complaint in the nature of a demurrer, on the ground that it does not set forth a cause of action.

In addition, defendant school districts demurred on the ground that, in any event, they are but agents of the Commonwealth and therefore are not liable for the torts and acts of negligence of their employes or officers.

Does the complaint set forth a cause of action?

Plaintiffs' counsel admits that plaintiffs were sitting at a place in the grandstand which has no protection, such as a screen, etc., against the contingency which occurred.

The general rule is that one who participates in the diversion afforded by athletic contests, sports, etc., either as a contestant or as a spectator, accepts the dangers that inhere in such contests, etc., so far as they are obvious and necessary: 4 Shearman and Redfield on Negligence, rev. ed., 1566, sec. 647, and cases cited therein. And it has repeatedly been held that a spec-

tator at a baseball game who chooses a seat in an open or unscreened section of a grandstand, where he or she may be struck by a batted ball, thereby voluntarily assumes all risks naturally and ordinarily incident to the witnessing of such a game, including the risk of being struck by batted or thrown balls: Kavafian v. Seattle Baseball Club Association, 105 Wash. 215, 181 Pac. 679 (1919) ; Lorino v. New Orleans Baseball and Amusement Co., Inc., 16 La. App. 95, 133 So. 408 (1931) ; Hummel v. Columbus Baseball Club, Inc., 71 Ohio App. 321, 49 N. E. (2d) 773 (1943). Also, that under such circumstances the management is not required, nor does it undertake, to insure patrons against injury from such source: Quinn et al. v. Recreation Park Association et al., 3 Cal. (2d) 725, 46 P. (2d) 144 (1935).

While we have been unable to discover any Pennsylvania cases similar to the one before us, our courts have applied the rule of assumption of risk in cases involving various other athletic contests or sports.

In Douglas v. Converse, 248 Pa. 232 (1915), our Supreme Court said (p. 235) :

". . . There is in the game of polo the element of risk, and both players and bystanders assumed the chance of the ordinary dangers, incident to the game in participating in and witnessing the contest. . . ."

The foregoing case was cited with approval in Benjamin v. Nernberg, 102 Pa. Superior Ct. 471 (1931), wherein the principle of assumption of risk was applied to persons participating in the game of golf.

And in Judd v. Scranton Republican et al., 32 D. & C. 712 (1938), involving a spectator injured at a "soapbox derby", the Court of Common Pleas of Lackawanna County said (p. 715) :

". . . in all contests involving the use of speed, violent effort, animals, etc., there is an element of risk

for spectators, as well as for contestants, and those who chose to select positions as spectators which expose them to contact with the persons or instrumentalities engaged in a contest must not complain of injury not due to negligence of the contestant. . . ."

The complaint contains no averments which would take this case out of that class of decisions in which the principles enunciated above were applied. On the contrary, it appears that plaintiffs selected positions as spectators at an unprotected place within the range of "foul-tipped balls", thus accepting the obvious danger inherent in a baseball game of being struck by such balls.

It follows that the complaint does not set forth a cause of action.

In view of the above conclusion, it is unnecessary to discuss the additional ground for demurrer advanced by the school districts.

And now, July 16, 1949, judgment is hereby directed to be entered in favor of defendants and against plaintiffs.