## Lewis *v.* United States Rubber Company, Appellant.

Argued April 22, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Hugh J. McMenamin,* with him *Harvey Gelb,* and *Warren, Hill, Henkelman & McMenamin,* for appellant.

*Paul A. Barrett,* with him *John M. Kelly, John J. Scott,* and *Nogi, O'Malley & Harris,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1964:

Appellee suffered personal injuries when a tire, which he was mounting on a wheel, exploded in his face. He brought an action of trespass against appellant, the manufacturer of the tire involved. A jury trial resulted in a verdict for appellee in the amount of $12,500. Appellant's motion for judgment n.o.v. was denied, as was its motion for new trial, with the proviso that appellee remit $2,500 of the jury verdict. Appellee's remittitur was duly filed and judgment was entered on the modified verdict; this appeal followed.

In considering a motion for judgment n.o.v., the evidence, together with all reasonable inferences therefrom, are considered in the light most favorable to the verdict winner. *Pritts v. Wigle,* 414 Pa. 309, 200 A. 2d 386 (1964); *Chambers v. Montgomery,* 411 Pa. 339, 192 A. 2d 355 (1963). Viewed in the light of this oft-stated standard of review, the evidence reveals the following factual situation, as well summarized by the court below: "The accident occurred on December 18, 1959, while plaintiff was engaged in installing new tires on a repair truck. Plaintiff, an automotive mechanic of thirty years' experience, was employed by the City of Scranton in the repair and maintenance of police and fire department vehicles and equipment. He had mounted thousands of automotive tires in his trade. The tires in suit were manufactured by the defendant, United States Rubber Company at its plant in Chicopee Falls, Mass., and were purchased by the City of Scranton through a retailer, Barrett Tires &

Sales, on December 3, 1959, when they were delivered and stored in a stock room until the date of the accident.

"On the day of the accident, plaintiff removed the old tires from the truck wheels and proceeded to install the new ones. He visually inspected the tire involved in the accident and felt around the edges and inside of the same with his hands before mounting. He found nothing wrong. Plaintiff then inserted an inner tube, lubricated the tire with a soapy solution and pushed it on the rim of the wheel with his hands. He discovered nothing wrong as he manipulated the tire on the rim. No tire iron or other tool was used. Plaintiff removed the tire and wheel from a mounting machine and looked at both sides of the tire to see if they were correctly seated against the rim. The tire is constructed with a metal bead which must be squarely seated against the rim. Finding the tire properly seated plaintiff who was kneeling over the work began to inflate the tire and was reaching for a gauge to check the tire pressure when it exploded. The wheel and tire arose from the ground and struck plaintiff in the face. He was severely cut around the mouth and lips and his teeth were knocked out."

An x-ray, after the accident, disclosed that the wire bead, which is incorporated in the fabric of the tire, not visible on visual inspection and designed to seat the tire against the rim, was entirely severed. There was no mark on the tire such as would indicate that it had suffered a blow or other force which might have severed or weakened the bead.

Appellant argues that there was no evidence from which the jury could find that the accident was caused by a defective steel bead and that, in any event, the evidence did not warrant a finding of negligence on the part of appellant. With these contentions we do not agree.

As aptly stated by the court below, "It is apparent from the very nature of the defect in the tire that the factor of negligence here is not susceptible of proof by means of direct or eyewitness evidence. As the bead was imbedded within the tire concealed by fabric and rubber it is hardly to be expected that the plaintiff could produce direct proof that the tire was negligently manufactured. Such evidence is almost impossible of procuration.

"While evidence, to warrant recovery, must picture or visualize what happened sufficiently to permit the fact-finder reasonably to conclude that the defendant was guilty of negligence, it is equally true that it is not essential to have direct or eyewitness testimony and that proof may be furnished by circumstantial evidence: Carter v. United Novelty & Premium Co., 389 Pa. 198. It is not necessary that a plaintiff be able to prove the cause of the accident by direct evidence, it being sufficient if the testimony supports inferences which may reasonably be drawn by a jury: Foley v. Pittsburgh-DesMoines Co., 363 Pa. 1. Proof of negligence by circumstantial evidence has been applied in a wide variety of cases in Pennsylvania, a collection of which may be found in Dillon v. Wm. S. Scull Co., 164 Pa. Superior Ct. 365. The plaintiff is required to show only circumstances from which a reasonable conclusion may be drawn that the accident occurred because of the negligence of the defendant. Certainty of proof is not required. Some proof must necessarily be circumstantial but where it strongly tends to show that what occurred was due to defendant's negligence the issue is for the jury: Smith v. Lit Brothers, 174 Pa. Superior Ct. 102."

In *Stimac v. Barkey*, 405 Pa. 253, 257, 174 A. 2d 868 (1961), we said: "This Court has recently enunciated a test to determine whether a plaintiff in a negligence case has assumed the burden of proof as to negli-

gence. In Lear v. Shirk's Motor Express Corp., 397 Pa. 144, 152 A. 2d 883, we stated: 'A plaintiff is entitled to have his case considered by the jury even though he does not show that the *only* reasonable inference is that defendant's negligence was the proximate cause of the accident. It is enough that he produces evidence which may properly be found by the jury to justify *an* inference that the defendant's negligence was the proximate cause of the accident because such evidence outweighs, even though it does not *exclude,* an inference that the defendant was not negligent or that his negligence was not the proximate cause of the accident.' . . . Our inquiry in the case at bar is to determine whether the instant record contains evidence from which there arises *a* reasonable inference that appellants were negligent and that their negligence was the proximate cause of this accident." (Emphasis throughout in original).

In *Smith v. Bell Telephone Co. of Pa.,* 397 Pa. 134, 138, 153 A. 2d 477 (1959), we said: *"It is not necessary under Pennsylvania law that every fact or circumstance point unerringly to liability;* it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. The judge cannot say as a matter of law which are facts and which are not unless they are admitted or the evidence is inherently incredible." (Emphasis supplied).

In the case at bar, appellee detailed the step-by-step procedures followed by him in mounting the tire. These procedures were standard and departed in no way from accepted practice. The tire was new, having been acquired only fifteen days previously and never having been used. It had been carefully stored in a stock room and bore no mark indicating that it had been hit or scuffed. Only great force, such as would leave a mark, could have caused the breaking or weakening of the suspect bead. In these circumstances, we

hold that the jury was justified in reaching the conclusion that the tire was negligently manufactured and this negligence was the proximate cause of the accident. Judgment n.o.v. was properly refused.

In seeking a new trial, appellant urges that the trial court erred in permitting appellee and one of his witnesses to give opinion testimony with respect to causation and negligence. This issue was not raised in the new trial motion below, and will not be considered here. *Teodori v. Penn Hills Sch. D. Auth.,* 413 Pa. 127, 196 A. 2d 306 (1964) ; *Greet v. Arned Corp.,* 412 Pa. 292, 194 A. 2d 343 (1963) ; *Kilian v. Allegheny County Distributors,* 409 Pa. 344, 185 A. 2d 517 (1962) ; *Clark v. Rutecki,* 408 Pa. 25, 182 A. 2d 687 (1962). Our statement in *Enfield v. Stout,* 400 Pa. 6, 14, 161 A. 2d 22 (1960), is particularly appropriate here, since appellant filed the usual pro forma new trial motion and was granted leave to file more specific reasons, none of which were filed. In *Enfield,* we said: "In addition, an examination of the record also discloses that the alleged assignments of error were not raised in the court below. The motion for a new trial contained only the usual four formal reasons and none of the alleged errors in the charge of the court were even mentioned. Permission was granted to file additional reasons after transcription of the record but none were entered of record. It is axiomatic that a reason for a new trial not assigned as error in the court below may not be raised *and will not be considered* for the first time on appeal. [Citing cases]". (Emphasis supplied).

Judgment affirmed.