Robbins, Appellant, *v.* Kaufman.

Argued April 28, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Howard R. Moore, Jr.,* with him *Martin H. Philip, Arnold Sousa,* and *Duane, Morris and Heckscher,* for appellant.

*William E. Schantz,* with him *James F. Henninger, Robert B. Doll,* and *Snyder, Wert, Wilcox, Frederick & Doll,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 31, 1964:

Appellant suffered serious personal injuries in an automobile-truck collision. The collision and ensuing fire resulted in the death of the driver of the automobile and his passenger, as well as the injuries sustained by the truck driver-appellant.

Appellant brought an action of trespass against the personal representative of the deceased automobile driver and won a substantial jury verdict. Appellee's motion for judgment n.o.v. was granted and judgment was entered in his favor; this appeal followed.

194

A careful review of the record convinces us that appellant has failed to meet his burden of establishing decedent's negligence. In reaching this conclusion, we have considered the evidence, together with all reasonable inferences therefrom, in the light most favorable to the verdict winner-appellant. *Lewis v. U. S. Rubber Co.*, 414 Pa. 626, 202 A. 2d 20 (1964), and cases cited therein.

The evidence of negligence was entirely circumstantial and, although we have often held that it is not necessary that every fact or circumstance point unerringly to liability, it being enough that the jury have sufficient facts to say reasonably that the preponderance favors liability, *Lewis v. U. S. Rubber Co.*, supra; *Stimac v. Barkey*, 405 Pa. 253, 174 A. 2d 868 (1961); *Lear v. Shirk's Motor Express Corp.*, 397 Pa. 144, 152 A. 2d 883 (1959); *Smith v. Bell Telephone Co. of Pa.*, 397 Pa. 134, 153 A. 2d 477 (1959), the record in the instant case fully supports the conclusion reached below, that a finding of negligence on the part of decedent could be based only on guess or conjecture.

Having so concluded, we do not reach the question of the admissibility of certain alleged res gestae statements.

Judgment affirmed.