Nock, Appellant, *v.* Nock.

Argued September 29, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph B. Bagley,* with him *Harvey E. Schauffler* and *Robert N. Peirce, Jr.,* for appellant.

*Wallace E. Edgecombe,* with him *Royston, Robb, Leonard, Edgecombe and Miller,* for appellee.

OPINION PER CURIAM, November 10, 1964:

In this action of trespass, a jury verdict for appellant was returned. Appellee's motion for judgment n.o.v. was granted, thereby giving rise to this appeal.

Reviewing the evidence and all reasonable inferences therefrom in the light most favorable to the verdict winning appellant, *Lewis v. U. S. Rubber Co.,* 414

Pa. 626, 202 A. 2d 20 (1964); *Robbins v. Kaufman,* 415 Pa. 192, 202 A. 2d 826 (1964), we conclude that judgment n.o.v. was properly entered.

A plaintiff in an action of trespass must prove by a fair preponderance of the evidence that the defendant was negligent *and* that his negligence was the proximate cause of the accident. *Gift v. Palmer,* 392 Pa. 628, 141 A. 2d 408 (1958), and cases cited therein. In the case at bar, even assuming that appellee was proved negligent, there is nothing in this record which would justify the conclusion that that negligence was the proximate cause of the accident. A jury may not be permitted to fasten liability on a litigant on the basis of guess or conjecture. *Robbins v. Kaufman,* supra.

Judgment affirmed.