## Taylor, Appellant, *v.* Churchill Valley Country Club.

Argued March 17, 1967. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

Patrick M. O'Donnell, with him Parker, Evashwick & Brieger, for appellants.

William C. Walker, with him Dickie, McCamey & Chilcote, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 24, 1967:

Plaintiffs instituted an action of trespass, seeking to recover damages sustained when Richard L. Taylor, the minor plaintiff herein, was struck and injured by a golf ball.

On July 5, 1959, Richard L. Taylor was engaged as a caddy at Churchill Valley Country Club (hereinafter called "defendant"). In order to observe golf balls driven (or hit on a second shot) on the 17th hole, it was the customary practice for one caddy in each golf group to go ahead of the golfers and to take a position on a narrow footbridge separating the 15th and 17th holes. While sitting on this footbridge the minor plaintiff was struck by a golf ball hit by Jack Damico,[*] who was one of a foursome, for two of whom plaintiff was caddying. Plaintiff sustained severe personal injuries. At the time of this incident, Taylor was twenty years old.

The case was tried before a Judge and jury. At the conclusion of the trial, the Judge granted defendant's motion for a directed verdict. Plaintiffs have appealed from the judgment which was entered on that verdict.

In support of their reasons for the grant of a new trial, plaintiffs contend that several errors were committed by the trial Court. However, we need not con-

---

[*] Jack Damico was joined as an additional defendant. The lower Court entered a nonsuit with respect to him. That action is not challenged on this appeal.

sider these alleged trial errors because the lower Court correctly directed a verdict in favor of defendant, regardless of the ground or grounds upon which it placed its decision. If a lower Court makes a correct ruling, order, decision, or judgment or decree, but assigns an erroneous reason for its action, an appellate Court will affirm the lower Court's action, order or ruling or decision or judgment or decree, and assign the proper reason therefor. *Sherwood v. Elgart,* 383 Pa. 110, 117 A. 2d 899. In that case the Court said (page 115) : ". . . The rule here applicable is that a correct decision will be sustained if it can be sustained for any reason whatsoever; in other words we will not reverse in such a case even though the reason given by the Court below to sustain its decision was erroneous : Derry Council, No. 40 v. State Council, 197 Pa. 413, 420; Com. to use v. Wing, 253 Pa. 226, 230; Corgan v. Geo. F. Lee Coal Co., 218 Pa. 386, 392; Brew v. Hastings, 206 Pa. 155, 162; 2 R.C.L. 189; State H. for C.I. v. Consolidated W.S. Co., 267 Pa. 29, 39."

## Negligence

The principles set forth in *Wood v. Conneaut Lake Park, Inc.,* 417 Pa. 58, 209 A. 2d 268, are controlling. In the *Conneaut Lake Park* case, the Court pertinently said (pages 61-62) : "It is well settled (1) that defendant is not an insurer: Cooper v. Pittsburgh, 390 Pa. 534, 136 A. 2d 463, and cases cited therein; Haugh v. Harris Bros. Amusement Co., 315 Pa. 90, 172 A. 145; Schentzel v. Philadelphia National League Club, 173 Pa. Superior Ct. 179, 96 A. 2d 181, and (2) that plaintiff must prove by a fair preponderance of the evidence (a) that defendant was negligent, and (b) that its negligence was the proximate cause of the accident: Markle v. Robert Hall Clothes, 411 Pa. 282, 191 A. 2d 374; Zilka v. Sanctis Const. Co., 409 Pa. 396, 186 A. 2d

897; Bohner v. Eastern Express, Inc., 405 Pa. [463, 175 A. 2d 864]. Moreover a verdict will not be sustained which is based on conjecture or surmise or guess: Steiner v. Pittsburgh Railways Co., 415 Pa. 549, 204 A. 2d 254[2]; Robbins v. Kaufman, 415 Pa. 192, 202 A. 2d 826.

"As the Court relevantly and correctly said in Schentzel v. Philadelphia National League Club, 173 Pa. Superior Ct., supra (page 183) :

" '. . . "One who maintains a 'place of amusement for which admission is charged, is not an insurer, but must use reasonable care in the construction, maintenance and management of it, *having regard to the character of the exhibitions given and the customary conduct of patrons invited :*[*] Haugh v. Harris Bros. Am. Co., 315 Pa. 90, 172 A. 145." '

"When we apply this test to the facts in the instant case, it means that plaintiff must prove by a fair preponderance of evidence *that defendant failed to exercise reasonable care in the erection or maintenance of its [golf course] . . . commensurate with the risk involved.*"

Plaintiffs contend that the defendant negligently failed to provide screening or other protective devices at the point at which the minor plaintiff sustained his injury. Although plaintiffs' brief states that there was expert testimony to prove that defendant was negligent in not providing screening at this particular spot, the testimony of the one witness on whom they rely to prove this—the Club's golf pro—was insufficient. He testified merely that the Club has one screen on the course (on the 18th tee), and several other golf clubs have a screen on a couple of holes. This testimony failed to prove that defendant was negligent in failing

---

[*] Italics throughout, ours.

to provide screening or other appropriate safeguards at this spot, and for this reason the lower Court correctly directed a verdict in favor of the defendant.*

Judgment affirmed.

---

* The writer of this Opinion is convinced that plaintiffs are precluded from recovering for an additional and even more important reason—the minor plaintiff assumed the risk of the game. In *Schentzel v. Philadelphia National League Club*, 173 Pa. Superior Ct., supra, the Court reviewed at great length the authorities governing recovery in trespass suits for injuries sustained by spectators in many sports, including particularly baseball, and denied recovery to a woman who had been struck by a foul ball and who had never previously seen a baseball game. In the *Schentzel* case, the Court pertinently and accurately said (pages 186-187):

". . . We quote at length from *Prosser on Torts* at pages 383-384: 'By entering freely and voluntarily into any relation or situation which presents obvious danger, the plaintiff may be taken to accept it, and to agree that he will look out for himself, and relieve the defendant of responsibility. *Those who* participate or *sit as spectators at sports* and amusements *assume all the obvious risks of being hurt by* roller coasters, *flying balls*, [Kavafian v. Seattle Baseball Club Ass'n, 105 Wash. 215, 177 P. 776; Brisson v. Minneapolis Baseball & Athletic Ass'n, 185 Minn. 507, 240 N.W. 903 (baseball); Schlenger v. Weinberg, 107 N.J.L. 130, 150 A. 434, 69 A.L.R. 738 (golf); Douglas v. Converse, 248 Pa. 232, 93 A. 955 (polo); Ingersoll v. Onondaga Hockey Club, 245 App. Div. 137, 281 N.Y.S. 505 (hockey)], fireworks explosions, or the struggles of the contestants. "The timorous may stay at home." [CARDOZO, C. J., in Murphy v. Steeplechase Amusement Co., 250 N.Y. 479, 166 N.E. 173.] . . .'"

In *Getz v. Freed*, 377 Pa. 480, 105 A. 2d 102, we said (pages 482-483): "A person who plays golf [or caddies] assumes some risks of the game. Cf. Benjamin v. Nernberg, 102 Pa. Superior Ct. 471, 157 A. 10; Douglas v. Converse, 248 Pa., supra. For example, he knows that every star sometimes, and every 'dub' ofttimes, hooks or slices, and that when he is playing [or caddying] on a parallel hole or on a parallel area of ground he may be struck by a wild shot . . . [and] risks being hit and injured."

In the instant case, the minor plaintiff testified that he knew the risk and accepted it and for this additional reason should not be allowed to recover.

CONCURRING OPINION BY MR. JUSTICE COHEN:

I concur in the result because in my opinion plaintiff was an employee of the country club and his claim was covered by the Workmen's Compensation Act. *Fanning v. Apawana Golf Club,* 169 Pa. Superior Ct. 180, 82 A. 2d 584 (1951); *Boyd v. Philmont Country Club,* 129 Pa. Superior Ct. 135, 195 Atl. 156 (1937).

Mr. Justice JONES and Mr. Justice EAGEN join in this concurring opinion.

———

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Richard L. Taylor, 20 years of age, was employed as a caddy at the Churchill Valley Country Club in Allegheny County. His duties seemed innocuous enough. His job was to carry golf clubs, hand the proper one, more or less, to the player for whom he caddied, follow the flight of the balls lofted by the player and then search in bushes, ponds, sand, and other intended or unintended terrain for the released burrowing missile.

As harmless, tranquil, and serene as a golf course may seem to the casual observer, it can, on occasion, become as dangerous as a pocket in a jungle battle in Vietnam. On July 5, 1959, while occupying a little bridge in the middle of the golf course, young Richard found himself amid a fusillade of fiercely driven golf balls. One of them hit him in the head with the impact of a bullet, fracturing his skull and rendering him hors de combat for a long period of time.

He brought suit against the Churchill Valley Country Club and was nonsuited. He appealed, and this Court affirms the nonsuit, stating that the plaintiff did not prove any negligence. Negligence is simply the failure to do what may be reasonably anticipated to be necessary to avoid injurying others. Did the defendant do all that was necessary, in the circumstances, to save the plaintiff from harm?

I am not a golf player, as is the writer of the Majority Opinion who, I am informed, is exceedingly skillful and graceful on the golf links. Thus, I do not know from personal experience what I lose in not having the fun of breathing the refreshing breezes of a country club, enjoying the intoxicating ecstacy of a "double eagle," and reveling in the salubrious effects of tramping over beautiful greenswards and by enchanting lakes. But, despite that absence of personal golf experience, I am sufficiently acquainted with the nature of the game, and am helplessly exposed to the enthusiastic garrulity which accompanies all meetings of golfers to such an extent that I must perforce realize that, mixed in with the felicity of the sport, goes considerable hazard apart from the over-indulging temptations of the 19th hole.

The young plaintiff in this case was compelled to take up a position at a bridge over a creek, there to observe the trajectory of golf spheroids being driven by players on the 17th hole. Possessed, like all normal human beings, with only one pair of eyes and thus being able to look only in one direction at a time, he failed to see the golfer, who, standing at a point about 45 yards in front of the 17th teeing ground, struck with such a fancy swing that the hard rubber pellet, traveling with the force of a cannon ball, but with the indecision of a temperamental bee gathering honey, landed on the head of the caddy who had to be wary of other golfers also firing at and about the bridge with their hooking, slicing and dubbing shots.

Richard Taylor averred in his complaint that Churchill Valley Country Club was negligent in not having erected at this Fort Sumter of its golf course a screen which would receive and accommodate the erratic bombardment of the less artistic golfers. He stated also that the defendant was negligent in requiring him to take up a position in the direct line of fire

of the 17th hole sharpshooters; further, that the defendant was negligent in the manner in which it laid out the golf course, namely, that the area separating the 15th and 17th fairways was so narrow that the caddies were unable to stay at a safe and sufficient distance from the mortar fire of the golfers driving desperately toward the refreshments of the 19th hole.

A professional golfer testified that there was no screen at the 17th hole, although one reared its protecting expanse at the 18th tee, this plainly demonstrating that the defendant was fully aware of the necessity for screens at the more dangerous sectors of the teeing and putting battlefront. He testified further that he had seen protective screens at other well-maintained golf links.

Thus, it seems to me that it became a clear question of fact for the jury to determine whether the defendant had maintained its golf grounds in accordance with the highest standards of safety generally recognized in this game, which has been declared the sport of kings and the ruination of many a conference because of the absence therefrom of expected bankers, lawyers and business men.

After being hit by a golf ball on the Churchill Valley Country Club golf course, the plaintiff came into court and was hit again, this time with the mashie iron of a nonsuit, even before he had a chance to drive onto the green of a jury deliberation. Being forced into the sand trap of a nonsuit, the plaintiff was denied an opportunity to enter into the *fairway* of his litigation. I believe this is not a fair way to dispose of a suit in trespass.

Accordingly, I yell "Fore!" and dissent.