## Happe v. Kenney

*J. Bradley Kearns,* for plaintiffs.

*James A. Beinkemper,* for defendant Jack F. Kenney.

*Kenneth J. Nolan* and *Jill L. Hershberger,* for defendant Chestnut Ridge Golf Club Inc.

ACKERMAN, *J.,* June 24, 1992—This opinion addresses a motion for summary judgment filed by Chestnut Ridge Golf Club Inc.

While waiting at the 14th tee, the husband-plaintiff was hit in the eye with a golf ball driven by the co-defendant, Jack F. Kenney. The 14th tee is located adjacent to the 13th green and Kenney's shot was intended for the 13th green, but went astray and struck the plaintiff. The plaintiffs' complaint alleges that Chestnut Ridge was negligent in failing to properly design and construct its golf course, particularly with respect to the proximity of the 13th green to the 14th tee, and that Chestnut Ridge failed to erect a barrier to protect golfers on the 14th tee. In its motion, Chestnut Ridge argues that as a matter of law, the husband-plaintiff assumed the risk of being hit with a golf ball.

To be a valid defense assumption of the risk requires a plaintiff to fully understand a specific risk but, nevertheless, to choose to encounter it. *Fish v. Gosnell,* 316 Pa. Super. 565, 463 A.2d 1042 (1983).

Our appellate courts have on three occasions addressed the assumption of risk doctrine pertaining to the game of golf where a plaintiff has been struck by a ball. These cases are *Benjamin v. Nernberg,* 102 Pa. Super. 471, 157 A. 10 (1931); *Getz v. Freed,* 377 Pa. 480, 105 A.2d 102 (1954); and *Taylor v. Churchill Valley Country Club,* 425 Pa. 266, 228 A.2d 768 (1967). In *Benjamin* and *Getz, supra,* the court's analysis focused on whether the plaintiff had voluntarily assumed the risk of another golfer hitting an errant shot and being struck. The defendants in these cases were other golfers. In this motion, the moving party is not the other golfer, but rather the owner of the golf course. This is a situation similar to *Taylor v. Churchill Valley Country Club, supra,* which I believe is controlling.

In that case, Taylor was struck by a ball while caddying when he left the foursome for whom he was working and went ahead to observe balls hit by the foursome. The allegation of negligence against the Churchill Valley Country Club, as in the present case, included a failure to provide screening or other appropriate safeguards at the site of the injury. The court concluded as a matter of law that the country club was not negligent in failing to provide protective screening or other appropriate safeguards for the caddie. However, prior to reaching its conclusion, the court stated:

"This testimony failed to prove that defendant was negligent in failing to provide screening or other appro-

priate safeguards at this spot, and for this reason the lower court correctly directed a verdict in favor of the defendant."

It is clear the *Taylor* court reached its conclusion only after finding a failure of proof in plaintiff's allegation that defendant was negligent in failing to provide screening or other appropriate safeguards at the scene of plaintiff's injury. In the present case, the plaintiffs have made a specific allegation that the Chestnut Ridge Golf Course was improperly designed, constructed, and improperly failed to provide for a barrier or a protective device in the area of the 14th tee. This is a matter of proof which the plaintiffs should be able to pursue. If plaintiffs are successful in demonstrating Chestnut's negligence in these areas, it is then for the jury to decide whether under these circumstances the husband-plaintiff voluntarily assumed an obvious risk. *Taylor v. Churchill Valley Country Club, supra*, 425 Pa. at 270, 228 A.2d at 770, fn. 3.

## ORDER OF COURT

And now, June 24, 1992, Chestnut Ridge Golf Club Inc.'s motion for summary judgment is denied.