Steffy, Appellant, *v.* Carson.

Argued April 26, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert E. Walsh,* with him *Donald M. Miller,* and *Suto, Power, Balzarini & Walsh,* and *Miller, Buterbaugh & Cope,* for appellant.

*Earl R. Handler,* with him *Handler, Malcolm & Earley,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, September 27, 1966:

On April 25, 1960, appellant sustained bodily injuries and property damage when he was involved in a collision with a tractor-trailer. To recover his damages, he commenced an action of trespass against appellee Carson, the driver of the tractor-trailer, and his employers, Turner and Marcou. Carson filed an action against appellant to recover property damage to his tractor-trailer.

The two actions were consolidated for trial, and trial commenced in February, 1963. This trial terminated in a mistrial, for reasons not here pertinent, and the cases were again called for trial in May of 1963. The jury found "plaintiff and defendants both guilty of negligence and not entitled to recover". Appellant filed a motion for new trial, which was denied, and this appeal followed the entry of judgment on the verdict of the jury.

The parties hotly contested the factual background of the collision, appellant contending that his car was struck while parked on an entranceway to a filling station, and appellees contending that appellant drove his car out onto the highway into the path of the oncoming truck.

This factual dispute reached an explosive point when M. Fred Dills, M.D., who testified as appellant's witness in both trials, was called at the second trial as appellees' witness. As a witness for the defendants, Dr. Dills testified that appellant had made a statement

to the Doctor in the emergency room on the night of the accident. The testimony was as follows: "Q. Did he give a statement and what was the statement? A. He couldn't remember what happened. That was in the Emergency Room before he went to his room. And somewhere along the line there was this sentence— it's not verbatim, although the first part, I think, is verbatim—'I did the most foolish damn thing a man can do, I pulled out on the highway and I got hit by a truck,' or maybe 'got hit by something'. The last part is from memory. The first part is verbatim. Later, three or four days later, he repeated he didn't know what happened."

In order to impeach this testimony of Dr. Dills, appellant attempted to introduce in rebuttal his hospital records, to show a notation in Dr. Dills' own handwriting to the effect that the plaintiff "did not know where the accident occurred or how". He further attempted to introduce the notes of testimony of Dr. Dills from the earlier trial, to show that in that testimony, both on direct and cross-examination, Dr. Dills had testified that Harold Steffy was unconscious at the time of his admission to the hospital. Both of these offers were rejected.

Appellant's new trial motion contended that the verdict was against the weight of the evidence and the law, that the court unduly stressed the testimony of Dr. Dills, and that the verdicts were inconsistent and showed confusion on the part of the jury. The following day, additional reasons were filed in support of appellant's new trial motion, wherein appellant complained that prejudicial error was committed in the trial court's refusal to allow the introduction of the hospital records and notes of testimony hereinbefore mentioned, and in the court's permitting Dr. Dills to testify as appellees' witness without a disclosure having been made to the court or appellant's counsel at

pretrial, or at any other time, of an intention to call Dr. Dills as a defense witness.

The court below, in its opinion refusing the new trial motion, states: "The question before us at the present time is whether or not in the above entitled case Harold Steffy is entitled to a new trial. The Plaintiff filed a motion for a new trial and in his motion for a new trial set out several reasons why he is entitled to a new trial. He also filed another paper which he calls Additional Reasons for a New Trial.

"From the brief filed by the Attorney for the Plaintiff in this case, we presume that the only reason for a new trial that is being set forth by the Plaintiff is the reason that the Plaintiff claims that the verdict was against the weight of the evidence. We would like to say in passing that some of the other reasons given for a new trial state facts incorrectly, but since these reasons are not argued, we do not believe that there is any necessity for any further comment."

The court then proceeds to dispose of the weight of the evidence question adversely to appellant's position.

We, of course, do not have the benefit of the briefs or argument related to the new trial motion below. Before us, appellant argued that the verdicts were against the weight of the evidence; that the trial court erred in refusing to allow the impeaching rebuttal evidence; and that the trial court committed reversible error in its charge by reason of its failure to instruct on contributory negligence and the burden of proving contributory negligence.

"The grant or refusal of a new trial will not be reversed on appeal absent a clear abuse of discretion or an error of law which controlled the outcome of the case." *Murphy v. Phila.,* 420 Pa. 490, 218 A. 2d 323 (1966); *Firestone v. Schmehl,* 420 Pa. 644, 218 A. 2d 324 (1966); *Connolly v. P.T.C.,* 420 Pa. 280, 216 A. 2d 60 (1966). We find no such abuse or error in this record.

The verdict of the jury cannot be declared to be against the weight of the evidence. Our review of this record convinces us that the jury was justified in finding as it did from the conflicting testimony in the case. There are not such incontrovertible physical facts in this record as would require a fact finding body to conclude that the appellant's version of the occurrence was the only possible one.

Nor did the court below err in refusing to allow the proffered rebuttal evidence. The court ruled that the hospital records contained nothing which impeached Dr. Dills' testimony for the defense. If this ruling constituted error, it was harmless error, inasmuch as Dr. Dills testified on cross-examination as a defense witness that the hospital record did, in fact, contain a statement in his own handwriting that appellant "does not know what happened or where". Dr. Dills went on to explain the reason for this notation, and the reason for the records not containing the statement so damaging to appellant's case. The information was, therefore, before the jury, and nothing could have been added by introduction of the hospital records. As to the admission of Dr. Dills' testimony at the previous trial, we conclude that the trial court properly ruled that the correct manner for impeachment of a witness through the use of prior inconsistent statements is to confront the witness with the statements and inquire as to their having been made.

If appellant was surprised, as obviously he was, by the calling of Dr. Dills as a witness for the defense, he should have plead surprise and moved for a continuance. We do not decide whether the refusal of such a plea would have constituted error, but we will not require a new trial where a surprise witness is called and no objection is made on that basis.

Finally, appellant argues that the trial court committed reversible error in its charge by reason of its

failure to instruct on contributory negligence and the burden of proving contributory negligence. We will not decide this issue. Appellant took a general exception to the charge rather than a specific exception on this point, but such a failure would not preclude him in this instance, since the matter complained of is basic and fundamental. The difficulty arises in appellant's failure to raise the question of the inadequacy of the charge on this point in the court below. An examination of the nine reasons for new trial contained in the new trial motion, and the six additional reasons subsequently filed, discloses that this issue was not raised in the court below. We have stated repeatedly that we will not consider on appeal matters not raised or considered by the court below. *Abrams Will,* 419 Pa. 92, 213 A. 2d 638 (1965); *Lewis v. U. S. Rubber Co.,* 414 Pa. 626, 202 A. 2d 20 (1964); *Teodori v. Penn Hills Sch. D. Auth.,* 413 Pa. 127, 196 A. 2d 306 (1964); *Rimpa v. Bell,* 413 Pa. 274, 196 A. 2d 738 (1964); *Greet v. Arned Corp.,* 412 Pa. 292, 194 A. 2d 343 (1963).

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result.