## Pace *v.* Kroger Co., Appellant.

140

Argued April 11, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*J. Tomlinson Fort,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*Gilbert E. Morcroft,* for appellees.

OPINION BY JACOBS, J., June 16, 1967:

Kroger Company appeals a jury verdict in favor of the plaintiffs, Lois Pace and Eckle Pace, in a malicious

prosecution action. The jury awarded Mrs. Pace $10,-000 in compensatory damages and Mr. Pace $171.25 for legal fees. The action arose from a 1963 incident in which Mrs. Pace was accused of shoplifting in the Kroger store in the Crafton-Ingram Shopping Center in Allegheny County.

During the course of the jury's deliberation the foreman sent the following note to the judge: "It is requested that the court submit a list of those items which can be considered under compensatory damages. /s/ Eugene Krawczak, foreman No. 1." Without notifying either counsel for defendant or plaintiffs the judge replied in writing to the jury as follows:

"Dear Members of the Jury:

"In accordance with your Inquiry, which will be made part of the record of this case, please be advised that the items which can be considered as compensatory damages are as follows:

"(1) Mrs. Pace's loss of liberty, if you find that she was detained or arrested by the Kroger Co. or the Ingram Borough police, or both.

"(2) Mrs. Pace's physical suffering or discomfort, if any.

"(3) Mental suffering from humiliation and injury to her feelings, if any.

"(4) Injury, if any to Mrs. Pace's reputation and status in the community in which she lived and lives.

"(5) The risk of conviction as the result of such prosecution.

"(6) Reasonable and necessary expenses, if any, in securing Mrs. Pace's release from arrest and in defending the criminal prosecution.

Respectfully,
By the Court
/s/ CERCONE,
J."

The original copies of the note from the jury to the judge, and his reply were time stamped and marked filed at 3 p.m. May 26, 1966, and the jury verdict was time stamped at 3:01 p.m. on the same day. However, counsel were never informed of the communications between the judge and jury. The communications were filed with the other papers in the Prothonotary's office but they were not included in the transcript of official notes of testimony filed by the court reporter on August 9, 1966. In fact counsel for the appellant did not learn of the letter to the jury until early October, 1966 when he was preparing his brief in support of his motion for a new trial. Argument on the new trial motion was held October 17, 1966.

In four recent cases where a private communication took place between the trial judge and the jury the Supreme Court of Pennsylvania held that the communication required a new trial regardless of prejudice. *Argo v. Goodstein,* 424 Pa. 612, 228 A. 2d 195 (1967); *Yarsunas v. Boros,* 423 Pa. 364, 223 A. 2d 696 (1966); *Kersey Manufacturing Co. v. Rozic,* 422 Pa. 564, 222 A. 2d 713 (1966); *Gould v. Argiro,* 422 Pa. 433, 220 A. 2d 654 (1966). That court also directed that the practice of trial judges in communicating with the jury or instructing the jury in any manner whatsoever, other than in open court and in the presence of counsel for all parties, be terminated. *Yarsunas v. Boros,* supra, and *Kersey Manufacturing Co. v. Rozic,* supra. Thus a new trial necessarily follows from the exchange in this case.[1]

---

[1] Even under the minority view that prejudice must be shown to warrant a new trial we feel that the court's action here may have influenced the jury and constituted prejudice. This secret communication was an instruction on the elements to be considered in fixing damages. It was a substantial repetition of the judge's charge on the same subject with the addition of the numerals. The only element of the damage which could be definitely ascertained was the last item on expense. There was no yardstick by which

Appellees argue that a new trial should not be granted in this case because appellant did not raise the issue before the court below. It is true that normally an appellate court will not hear issues not raised in the court below, even issues which would constitute fundamental error. E.g. *Steffy v. Carson,* 422 Pa. 548, 222 A. 2d 894 (1966). However, there are exceptions to this rule. E.g. *White v. Moore,* 288 Pa. 411, 136 A. 218 (1927); *Waychoff v. Waychoff,* 309 Pa. 300, 163 A. 670 (1932). The fact that the communication remained unknown to appellant until shortly before argument because it did not appear with the notes of testimony which did include the oral charge to the jury, the fact that only one of the Supreme Court's four recent decisions was generally available to the profession in the official Advance Reports by the time of argument and the importance of the Supreme Court's mandate to the lower courts prohibiting secret communication with juries persuade us not to apply the rule in this case. Furthermore the reasons for the rule, namely, that the error may be corrected at trial if raised in time, and that it is unfair to reverse the trial court on a proposition not brought to its attention do not exist in this case. The appellant never knew of the communication until months after completion of the trial and a few weeks before argument, and the trial court was aware of it from its inception.[2]

---

to measure the other elements and numbering them may have given them added weight in the jury's mind. This written document was constantly before the jury and may have tended to emphasize the plaintiff's damages while obscuring consideration of the matter of liability which was not mentioned by the judge. If the inquiry had been answered in open court we feel certain that a cautionary charge on liability would have been included.

[2] The trial judge is experienced and able and in fairness to him it should be pointed out that this case was tried one month before the first of the Supreme Court's four recent decisions was handed down.

True, the better practice would have been to raise the issue at argument even though counsel did not know of it when he filed his reasons for a new trial, but to prohibit his raising it now would seem to us to be grossly unfair to counsel without being helpful to the trial judge who could have done nothing about the issue at argument except to grant a new trial.

Judgment reversed and a new trial granted.