**UNITED STATES of America ex rel. Milton A. BLAIR**

v.

**Robert L. JOHNSON, Supt.**

**Civ. A. No. 71–1153.**

United States District Court,
E. D. Pennsylvania.

April 27, 1972.

Stewart Dalzell, Philadelphia, Pa., for plaintiff.

Arlen Specter, Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

Habeas corpus. On December 24, 1969, relator was tried before the Honorable Robert N. C. Nix, Jr., sitting without a jury, on two separate, unrelated cases. Indictment 384 of April Sessions, 1968, charged relator with unlaw-

ful possession of marihuana. Indictments 287 and 288 of February Sessions, 1969, charged him with carrying a concealed deadly weapon and violation of the Uniform Firearms Act, respectively. Judge Nix found relator guilty on all indictments.

On January 12, 1970, relator filed a motion in arrest of judgment or for a new trial on all three charges.[1] The motion asserted that the verdict was against the evidence, against the weight of the evidence and was contrary to law. Relator also requested permission to file additional reasons after the transcription of the notes of testimony; however, no additional reasons were ever filed. On April 8, 1970, Judge Nix denied the motion following argument by counsel, and he sentenced relator to one to three years on Indictment 384 to run concurrently with consecutive six to twelve months and one to three years sentences imposed on Indictments 287 and 288.[2] The Superior Court of Pennsylvania affirmed the judgment and sentence without opinion, Commonwealth v. Blair, 218 Pa.Super. 755, 273 A.2d 555 (1971). The Supreme Court of Pennsylvania denied relator's Petition for Allowance of Appeal on April 19, 1971.

In his habeas corpus petition,[3] relator contends that (1) the Pennsylvania carrying a concealed deadly weapon statute ("CCDW statute"), 18 Pa.Stat.Ann. § 4416, is unconstitutional because it permits the finder of fact to infer intent to use a weapon unlawfully from its mere possession and (2) he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his attorney stipulated to the arresting officer's testimony in

the possession of marihuana case. An evidentiary hearing was held on relator's petition on February 11, 1972.

▮ In the absence of a showing of exceptional circumstances, a federal court will not assume jurisdiction in a habeas corpus proceeding unless the petitioner has exhausted all available state remedies. 28 U.S.C.A. § 2254. This salutary rule of federalism applies with particular emphasis here.

▮ The state record before us demonstrates that relator did not raise the issues of the constitutionality of the CCDW presumption or effective assistance of counsel in his post-trial motions before Judge Nix, although he did raise these issues on appeal to the Superior Court. Under settled Pennsylvania law, an appellate court will not consider issues which are raised for the first time on appeal, and this rule has been strictly applied, even in cases involving fundamental error. *See* Steffy v. Carson, 422 Pa. 548, 552–553, 222 A.2d 894 (1966) and cases cited therein. The issues now before us were therefore not properly raised on direct appeal before the Pennsylvania courts.

In a case of this sort, involving as it does a challenge to the constitutionality of part of an important criminal statute of the Commonwealth of Pennsylvania, it would be singularly inappropriate for a federal court to interpose its hand unless it is clear that the state courts had considered and rejected the challenge or that all effective state avenues were closed. *Cf.* Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Relator may still present these issues before the state courts under the provisions of the Post Conviction Hearing

---

1. Although the motion was filed beyond the statutory period allowed by Rule 1123(a), Pennsylvania Rules of Criminal Procedure, the court accepted the motion.

2. Judge Nix filed an unpublished opinion after relator had appealed to the Superior Court. *See* Commonwealth v. Blair (C. P. Phila. County), September 14, 1970.

3. In his petition, relator also contends that the evidence supporting the convictions on all three indictments was the product of unlawful searches and seizures and that he was arrested illegally in connection with the possession of marihuana charge. On July 19, 1971, we denied relator's petition without prejudice as to these grounds for failure to exhaust state remedies.

**494**

Act, 19 Pa.Stat.Ann. §§ 1180–1 et seq. *See* Commonwealth v. Cheeks, 429 Pa. 89, 239 A.2d 793 (1968).

Commonwealth v. Owens, 441 Pa. 318, 271 A.2d 230 (1970), buttresses the conclusion we have reached. There, the Pennsylvania Supreme Court applied Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), to invalidate a presumption concerning the knowledge requirement of the offense of receiving stolen goods. Given the court's obvious sensitivity to Leary, we are all the more reluctant to intrude before we are certain that the state courts have had full opportunity to consider the question of the constitutionality of the CCDW presumption.

Therefore, we dismiss relator's petition for habeas corpus without prejudice for failure to exhaust state remedies.