## Commonwealth v. Barker

*Oscar F. Spicer,* for Commonwealth.
*Robert E. Campbell,* for defendant.

MacPHAIL, P. J., December 12, 1972.—There is before the court a motion for leave to file motions for a new trial and in arrest of judgment *nunc pro tunc.* We directed that a rule issue upon the Commonwealth to show cause why the motion should not be granted. On the return day of the rule, the Commonwealth stated that it admitted the facts set forth in the motion but argued that the motion should be denied because the provisions of Pennsylvania Rule of Criminal Procedure 1123(a) requires that such motions be filed within seven days after verdict. Since no post trial motions were filed within the seven-day period, the Commonwealth argues defendant is now without recourse.

Factually, it will be noted that a motion for a new trial in this matter was filed on the eighth day after verdict. In the present motion, counsel, who is the Public Defender, avers that defendant called counsel's office on the seventh day after verdict and left word that he wanted the post trial motions filed. Counsel was engaged in civil trials that day and did

not get the message until it was too late for him to prepare the motion prior to the close of business. He did, however, file a motion on the following day. As the Public Defender of Adams County, defense counsel's diligence and competency before this court are beyond question. This is not a case of inexcusable delay, although counsel could have availed himself of the provisions of the rule which permit him to seek an extension of time within the seven-day period.

On the other hand, the Commonwealth's position also has much merit. The perennial question in ascertaining the intent of the rules of the Supreme Court is whether they are mandatory and, if mandatory, does the trial court have any discretion at all where extenuating circumstances are present? In a case almost identical factually with the one now before us, the Chester County Court faced the same dilemma and resolve it in defendant's favor: Commonwealth v. Styer, 17 Chester 218 (1969). That court construed Pa. Crim. P. 2 as permitting exceptions to rule 1123 where the rights of the public will not be harmed if the motion is granted but those of the defendant will be if the motion is refused. In another case, U. S. ex rel. Blair v. Johnson, 341 F. Supp. 492 (1972), a Federal court noted that the Pennsylvania trial court had accepted post trial motions beyond the seven-day period permitted by Rule 1123.

It is quite apparent that this court will be wrong in its decision here no matter what that decision may be. If we deny the motion, defendant will certainly be in a position to file a Post Conviction Hearing Act petition alleging ineffective counsel. It will be difficult to deny such a petition. If we grant the motion, our right to do so is certainly subject to question, and

allowing an exception always raises the issue of whether the rule has any meaning at all.

Since we feel we will be avoiding a PCHA proceeding in doing so, we will permit the motions to be filed nunc pro tunc under the peculiar circumstances of this case.

## ORDER OF COURT

And now, December 12, 1972, defendant's motion is granted. It is ordered that the testimony be transcribed. The post trial motions filed July 25, 1972, are herewith reinstated. Defendant shall have 10 days from the date the testimony is lodged to file additional reasons in support of his motions.