436 A.2d 1187

**Elwood MILLER and Margaret Miller, his wife, Appellants,**

v.

**Mrs. William JOHNSON and the Allentown School of Cosmetology, Inc.**

**Doris L. STRUNACK, Appellant,**

v.

**Clair R. ECKER and Guido Robert Ecker.**

Supreme Court of Pennsylvania.

Argued Oct. 28, 1981.

Decided Nov. 18, 1981.

David S. Shrager, Philadelphia, Ronold J. Karasek, Bangor, for appellants.

Dean B. Stewart, Jr., John O'Rourke, Norristown, Joseph F. Leeson, Anthony C. Santore, Bethlehem, for appellees.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

At issue in each of the two cases now before the Court is whether chiropractic expenses are "medical services" for purposes of the $750 threshold of the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, § 301(a)(5)(B), 40 P.S. § 1009.301(a)(5)(B) (Supp.1980). We conclude that "medical services" include chiropractic services and hence reverse the orders of the Superior Court.

Appellant Margaret Miller and appellant Doris Strunack each filed a complaint in trespass alleging negligence on the part of the named defendants for injuries sustained in automobile accidents. Both appellants claimed that these injuries had caused them to incur medical expenses in excess of the threshold amount of $750.00 required for the "maintenance of a cause of action for personal injuries" under the No-Fault Act. Answers to interrogatories revealed that a large portion of the fees claimed for medical expenses consisted of payments for chiropractic services, and that if the amounts paid for chiropractic services were deducted from the totals, the remaining amounts would be less than $750.00.

Proceeding on the theory that expenses' for chiropractic services were not properly includable as "medical expenses," appellees sought judgment in their favor. In the case of appellant Miller, appellees filed a motion for summary judgment. The Court of Common Pleas of Lehigh County granted the motion and a panel of the Superior Court affirmed per curiam. In the case of appellant Strunack, appellees filed a motion to strike the complaint and dismiss the action. Although the Court of Common Pleas of Montgomery County initially denied the motion, the court granted the motion upon reargument, on the basis of an intervening per curiam decision by the Superior Court in *Babcock v. Tippett*, 260 Pa.Super. 583, 394 A.2d 607 (1978). Subsequently, a majority of the Superior Court (Spaeth, J., joined by Cercone, P. J., and Brosky, J., dissenting) affirmed the trial court's order. 283 Pa.Super. 585, 424 A.2d 1355 (1981).

We granted allowance of appeal in both cases and, because they present the same issue of law, we consolidated them for argument and decision.

The relevant section of the No-Fault Act, § 301(a)(5)(B), provides:

"Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that:

\* \* \* \* \* \*

[A] person remains liable for damages for noneconomic detriment [('pain, suffering, inconvenience, physical impairment, and other nonpecuniary damage recoverable under the tort law applicable to injury arising out of the maintenance or use of a motor vehicle': § 103)] if the accident results in:

\* \* \* \* \* \*

The reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is [sic] in excess of seven hundred fifty dollars ($750).

\* \* \* \* \* \*

■ There is no explicit definition of "medical and dental services" contained in the No-Fault Act. Although section 301(a)(5)(B) states that such services include "prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, . . ." this language must not be read to limit the scope of "medical and dental services." Rather, this language reflects a legislative intent to assure that "medical and dental services" includes not only direct but also supplemental support services.

■ It is necessary, therefore, to consult applicable statutory definitions. The dissenting opinion of Judge Spaeth, filed in the case of appellant Strunack, observed:

"The Statutory Construction Act defines 'Medicine and surgery' as:

The art and science having for their object the cure of diseases of and the preservation of the health of man, including all practice of the healing art with or without drugs, except healing by spiritual means of prayer. 1 Pa.C.S.A. § 1991 (Purdon's Supp. 1964–1978).

And 'Healing art' as:

> The science of diagnosis and treatment in any manner whatsoever of disease or any ailment of the human body. 1 Pa.C.S.A. § 1991 (Purdon's Supp. 1964–1978) (emphasis added).

We may fairly assume that the legislature was aware of these definitions when drafting the No-Fault Motor Vehicle Act. Moreover, the legislature has previously considered chiropractic services as a form of the healing arts. In the Chiropractic Registration Act of 1951, 63 P.S. § 601 (Purdon's 1968), the legislature defined Chiropractic as a

> 'limited science of the healing arts dealing with the relationship between the articulations of the vertebral column, as well as other articulations, and the nervous system and the role of these relationships in the restoration and maintenance of health.' 63 P.S. § 602(b) (Purdon's 1968).

In the Workmen's Compensation Act, 77 P.S. § 531 (Purdon's Supp. 1979–80), the legislature provided for payment by the employer of 'reasonable surgical and medical services, services provided by duly licensed practitioners of the healing arts, medicines, and supplies.' This provision has been interpreted as requiring employers to pay for chiropractic services. *Workmen's Comp. App. Bd. v. Overmyer Mold*, 473 Pa. 369, 374 A.2d 689 (1977)."

283 Pa.Super. at 589–90, 424 A.2d at 1357–58 (footnote omitted).

There can be no serious question that chiropractic expenses can be recovered under the "allowable expenses" component of "basic loss benefits" under the No-Fault Act. Section 103 provides that "allowable expenses" include "medical and vocational rehabilitation services," defined as "services necessary to reduce disability and to restore the physical, psychological, social, and vocational functioning of a victim." Section 103 further provides that these services "may include, but are not limited to ..." the following:

> "medical care, diagnostic and evaluation procedures, physical and occupational therapy, other necessary therapies, speech pathology and audiology, optometric services, nurs-

ing care under the supervision of a registered nurse, medical social services, vocational rehabilitation and training services, occupational licenses and tools, and transportation where necessary to secure medical and vocational rehabilitation services."

We are unwilling to conclude that the Legislature could have intended chiropractic expenses to be included, on the one hand, under basic loss benefits coverage, but excluded, on the other, for purposes of determining whether a tort action to recover "noneconomic detriment" can be maintained. Accordingly, we hold that chiropractic expenses may be counted as "medical services" for purposes of meeting the No-Fault Act's $750 threshold.

Orders reversed and records remanded to the courts of common pleas for proceedings consistent with this opinion.