Jurisdiction relinquished.

492 A.2d 738

**Salvatore NAPOLI, Jr., and Angela Napoli, His Wife, Appellants,**

**v.**

**Anthony F. BIANCO.**

Superior Court of Pennsylvania.

Argued Aug. 8, 1984.

Filed May 10, 1985.

236

Irving M. Portnoy, Pittsburgh, for appellants.

Dennis S. Mulvihill, Pittsburgh, for appellee.

Before BROSKY, WATKINS and HESTER, JJ.

WATKINS, Judge:

This is an appeal from a judgment precluding the appellants from raising an issue in their brief and argument.

Appellants instituted an action in trespass seeking recovery for noneconomic detriment, as defined by the Pennsyl-

vania No-Fault Motor Vehicle Act, arising out of personal injuries sustained by husband-appellant in a motor vehicle collision. Medical expenses in the amount of $1,253.14, of which $975.00 was for chiropractic treatment, were alleged.

In determining whether the husband-appellant had incurred costs for "medical and dental services" in excess of the monetary threshold embodied in § 301(a)(5)(B) of the No-Fault Act, the appellants were precluded from submitting bills incurred for husband-appellant's chiropractic treatment pursuant to the court's decision in *Strunack v. Ecker,* 283 Pa.Superior Ct. 585, 424 A.2d 1355 (1981). In *Strunack,* the court held that § 1009.301(a)(5)(B) of the No-Fault Act should not be construed to allow inclusion of chiropractic expenses in calculating the amount of medical expenses which could be used to satisfy the monetary threshold of the No-Fault Act. As a result, appellants were unable to satisfy the monetary threshold provision of the No-Fault Act. Appellants also alleged at trial that the husband-appellant had suffered a serious and permanent injury as determined by the husband-appellant's chiropractor in an attempt to satisfy the verbal threshold of the No-Fault Act.

At the hearing of the non-jury case, all factual issues were resolved by stipulation of counsel. The sole issue raised was whether a chiropractor could render an opinion that a patient suffered a serious and permanent injury of the type which would satisfy the verbal threshold requirements of the No-Fault Act. The trial court ruled that a chiropractor was qualified to render an opinion of the type which was required by the No-Fault Act; however, it ruled as a matter of law that the husband-appellant's injuries were not so "serious and permanent" as to qualify as an exception to the tort immunity provisions of the No-Fault Act. Accordingly, the trial court entered a verdict for the defendant because the plaintiffs-appellants had failed to meet any of the thresholds for maintaining a third party action.

Appellants filed timely exceptions to the non-jury verdict. The appellants in their exceptions asserted that the trial court erred as a matter of fact and law in finding that the injuries suffered by the husband-appellant were not serious and permanent. The appellants in their brief and oral argument neither briefed nor argued the exception filed to the non-jury verdict, but only briefed and argued the following question:

"Did the Court err in excluding from the computation of threshold damages the husband-plaintiff's bills for chiropractic treatment?"

Prior to the trial court's consideration of appellants' exceptions to the non-jury verdict, the Supreme Court of Pennsylvania reversed *Strunack* in *Miller v. Johnson,* 496 Pa. 290, 436 A.2d 1187 (1981). The Supreme Court in *Miller* held that chiropractic services were medical services within the meaning of § 301(a)(5)(B) of the No-Fault Act and could be used when computing a party's monetary threshold for an exception to the tort immunity provisions of the No-Fault Act.

Subsequent to the *Miller* decision, the appellants filed a brief contending that the trial court erred as a matter of law in excluding chiropractic bills when computing the monetary threshold of the No-Fault Act, in light of the recent *Miller* decision. The trial court, sitting en banc, dismissed the appellants' exceptions and entered judgment for the defendant. The court en banc ruled that the plaintiffs, having failed to raise the issue relative to the inclusion of chiropractic bills in the determination of the monetary threshold of the No-Fault Act either at the trial or in their exceptions, were precluded from doing so in their brief and argument before the court en banc. This appeal followed.

The sole issue raised on appeal is whether the lower court erred as a matter of law in its refusal to consider an issue first raised by appellants at oral argument on their exceptions to a non-jury verdict where that issue was based on a decision of the Pennsylvania Supreme Court which was not

announced until after the time for filing appellants' exceptions to the verdict had lapsed.

Generally, where a party fails to raise an issue at trial and in timely motions after trial, that issue is deemed waived. *Schneider v. Albert Einstein Medical Center*, 257 Pa.Superior Ct. 348, 390 A.2d 1271 (1978). However, this Court has held that where a new rule of law is established by an appellate decision and the moving party could not know of the rule until after the time for filing post-verdict motions had lapsed, there is an exception to the general rule. *Pace v. Kroger Company*, 210 Pa.Superior Ct. 139, 232 A.2d 16 (1967).

In the instant case, appellants' counsel briefed and argued the issue of including husband-appellant's chiropractic bills in computing appellants' monetary threshold under the No-Fault Act at the argument on appellants' exceptions to the non-jury verdict. This was the first opportunity that the appellants had to put this issue before the trial court, since their exceptions were filed on July 23, 1981, and the Supreme Court's decision in *Miller v. Johnson*, supra, was not rendered until November 18, 1981. By briefing and arguing this issue below, the appellants in this case followed the mandate of *Pace* where the Superior Court stated "the better practice would have been to raise the issue at argument even though counsel did not know of it when he filed his reasons for a new trial." This afforded the trial court an opportunity to grant a new trial on the basis of a recent decision which reversed a previously established rule. We hold the issue was not waived for failure to raise it below because:

> the reasons for the rule, namely, that the error may be corrected at trial if raised in time and that it is unfair to reverse the trial court on a proposition not brought to its attention do not exist in this case.

*Pace v. Kroger*, supra. The failure of the trial court to consider the issue raised by appellants constitutes reversible error under the *Pace* decision.

The judgment is reversed, and the case is remanded for a new trial consistent with this opinion. Jurisdiction is relinquished.