#26457-rev & rem-SLZ

**2013 S.D. 28**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DUANE CRAWFORD,                      Plaintiff, Petitioner
                                     and Appellant,


       v.


ANNE SCHULTE,                        Defendant and Appellee.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE WALLY EKLUND
Judge

* * * *

DAVID L. CLAGGET
Spearfish, South Dakota              Attorney for plaintiff, petitioner
                                     and appellant.


* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 12, 2013

OPINION FILED **03/27/13**

#26457

ZINTER, Justice

[¶1.] As a custodial parent, Duane Crawford (Father) petitioned to increase Anne Schulte's (Mother's) child support obligation. The referee, however, recommended that Mother's obligation be reduced because Father had received part of an inheritance and expected to receive the balance of that inheritance in the near future. The referee's recommendation was based on the view that, in calculating child support under SDCL 25-7-6.3, Father's received and projected inheritance should be divided by twelve and the quotient treated as "monthly income" for a period of one year. The circuit court adopted the referee's recommendation and reduced Mother's child support obligation. Father appeals. We reverse and remand.

*Facts and Procedural History*

[¶2.] Father and Mother had a child on June 13, 2002. They were not married and never lived together. Mother initially had custody of the child, but in 2008, Father was awarded primary physical custody.

[¶3.] On March 20, 2012, Father filed a petition to modify Mother's child support obligation. Prior to Father's petition, Mother's obligation was $277 per month. Father sought to increase Mother's obligation because he lost his job and was unemployed.

[¶4.] On April 10, 2012, a referee held a hearing to determine the financial condition of the parties. After obtaining information regarding each party's monthly income, the referee asked whether either party's financial condition made application of the child support schedule using the parties' current income

-1-

inequitable or unfair. Mother's counsel indicated that Father had received a "sizeable inheritance" from his father's estate. Father then indicated that he had received $60,000 as part of the inheritance and he anticipated a further projected inheritance payment of approximately $200,000 around the end of May.

[¶5.]        The referee issued his report on May 7, 2012. The referee found that Mother's monthly net income from employment was $1,449.92 and Father's monthly net income from unemployment benefits was $1,392.64. The referee also concluded that Father's inheritance (received and projected) of $260,000[1] was "monthly income" for purposes of determining child support under SDCL 25-7-6.3. The referee reasoned that the "income" referenced in that statute included everything except "one time receipts of income related to wages, commissions, or bonuses[.]" Because Father's inheritance was not wages, commissions, or bonuses, the referee concluded that the received and projected $260,000 inheritance should be treated as monthly income for a period of one year. Therefore, the referee divided the inheritance by twelve and treated the quotient less allowable deductions ($21,552.67)[2] as Father's monthly net income.

---

1.    Father contends that his actual inheritance was $200,000 rather than $260,000. We need not consider whether the referee clearly erred in determining that Father's inheritance was $260,000 because we determine that none of Father's inheritance was "monthly income" for purposes of calculating child support.

2.    The referee concluded that in determining monthly income, inheritance is "[t]he one time receipt of income[, which] is annualized and has an impact for one year from its receipt." Therefore, the referee divided the total inheritance expected to be received ($260,000) by twelve to conclude that Father's monthly gross income was $21,666.67. The referee then subtracted $114 for income taxes to arrive at a monthly net income of $21,552.67. The referee did

(continued . . .)

[¶6.]　　　　Adding Mother's monthly net income from employment to Father's prorated net inheritance, the referee determined that the parties' combined monthly net income was $23,002.59.  Using the schedule in SDCL 25-7-6.2 for parents whose joint monthly income was $20,000,[3] the referee calculated that Mother's six percent pro rata share of the scheduled support obligation ($2,101) was $126.06.  The referee then noted that $216 was the statutory minimum child support obligation,[4] and he recommended reducing Mother's $277 monthly obligation to $216 per month.

[¶7.]　　　　The circuit court adopted the referee's recommendation and ordered that Mother's child support obligation be reduced to $216 per month.  Father appeals, arguing that a lump sum inheritance is not "monthly income" under SDCL 25-7-6.3, and therefore, his inheritance should not have been used to calculate child support.

_____

(. . . continued)

　　　　not add Father's unemployment benefits to this total and only used the inheritance as Father's monthly income.

3.　　　If the inheritance were includable as monthly income, the referee and court erred in using the scheduled obligation for parents whose combined monthly income was $20,000.  Under the referee's calculation, Mother and Father's combined monthly net income was $23,002.59.  SDCL 25-7-6.9 requires that "[f]or a combined net income above the [child support obligation schedule's maximum income of $20,000], the child support obligation shall be established at an appropriate level, taking into account the actual needs and standard of living of the child."  Although Mother and Father's combined income of $23,002.59 exceeded the obligation schedule, the referee and the circuit court did not indicate whether they had considered the "actual needs and standard of living of the child."  See SDCL 25-7-6.9.

4.　　　The parties do not take issue with the referee's determination that $216 is the minimum child support obligation under SDCL 25-7-6.2.  We express no opinion regarding the validity of that determination.

*Decision*

[¶8.]     "When the circuit court has adopted a child support referee's findings and conclusions, we apply the clearly erroneous standard of review to the findings and give no deference to conclusions of law." *Dahl v. Dahl*, 2007 S.D. 64, ¶ 9, 736 N.W.2d 803, 805. "[T]he question whether a source of funds constitutes income [for purposes of calculating child support] involves statutory interpretation, and that is a question of law [we review] de novo." *Arneson v. Arneson*, 2003 S.D. 125, ¶ 27, 670 N.W.2d 904, 914.

[¶9.]     SDCL 25-7-6.3 lists the sources of "monthly income" that may be used to determine child support obligations. The listed sources include compensation for personal services, self-employment income, periodic payments from pensions or retirement programs, gain from assets, and certain statutory benefits. A lump sum inheritance is not included. The statute provides:

> The monthly net income of each parent shall be determined by the parent's gross income less allowable deductions, as set forth in this chapter. The monthly gross income of each parent includes amounts received from the following sources:
>
> > (1) Compensation paid to an employee for personal services, whether salary, wages, commissions, bonus, or otherwise designated;
> >
> > (2) Self-employment income including gain, profit, or loss from a business, farm, or profession;
> >
> > (3) Periodic payments from pensions or retirement programs, including social security or veteran's benefits, disability payments, or insurance contracts;
> >
> > (4) Interest, dividends, rentals, royalties, or other gain derived from investment of capital assets;
> >
> > (5) Gain or loss from the sale, trade, or conversion of capital assets;
> >
> > (6) Unemployment insurance benefits;
> >
> > (7) Worker's compensation benefits; and

> (8) Benefits in lieu of compensation including military pay allowances.
>
> Overtime wages, commissions, and bonuses may be excluded if the compensation is not a regular and recurring source of income for the parent. Income derived from seasonal employment shall be annualized to determine a monthly average income.

SDCL 25-7-6.3.

[¶10.]     Although an inheritance is not a listed source of income, the list is non-exhaustive. *See Peterson v. Peterson*, 2000 S.D. 58, ¶ 21, 610 N.W.2d 69, 72 (re-stating our prior holding that "nothing in [the statute listing several sources of income for child support purposes] indicates that the listing of the general categories of income is exclusive. The use of the word 'include' suggests a legislative intent to encompass other, unlisted sources of income."). "[W]here general words [in this case, "monthly . . . income"] precede the enumeration of particular classes of things, the *ejusdem generis* [canon] of construction requires that the general words . . . be construed as applying only to things of the same general kind as those enumerated." *See DeHaven v. Hall*, 2008 S.D. 57, ¶ 51, 753 N.W.2d 429, 444-45. Therefore, the question is whether a lump sum inheritance is a thing of the same general kind as the listed sources of "income" in SDCL 25-7-6.3.[5]

---

5.     The question whether a prospective inheritance is "income" for purposes of calculating child support was not answered in *Peterson v. Peterson*, 2000 S.D. 58, 610 N.W.2d 69, or *Gross v. Gross*, 355 N.W.2d 4 (S.D. 1984). In *Peterson*, we acknowledged our decision in *Gross*. *Peterson*, 2000 S.D. 58, ¶ 21, 610 N.W.2d at 72. We indicated that in *Gross*, "a pending inheritance award was included in the calculation of child support." *Id.* However, *Peterson's* statement of the holding in *Gross* was incorrect. In *Gross*, we only held that a pending inheritance could be considered in determining whether there was a *change in circumstances* justifying a modification of a prior child support

(continued . . .)

[¶11.] We conclude that Father's lump sum inheritance is an asset or capital that is unlike the types of monthly income listed in SDCL 25-7-6.3. First, Father's inheritance is not similar to compensation for services, income from self-employment, or periodic payments from pensions or retirement programs. *See* SDCL 25-7-6.3(1)-(3). Second, his inheritance is not similar to the gains derived from the investment or conversion of assets. *See* SDCL 25-7-6.3(4)-(5). Finally, his inheritance is not similar to worker's compensation, unemployment insurance, or other benefits paid in lieu of compensation. *See* SDCL 25-7-6.3(6)-(8). Father's lump sum inheritance is a gift of capital that is not captured by the statute.

[¶12.] This conclusion is supported by SDCL 25-7-6.6, which specifically deals with "[g]ross income from . . . estates." That statute provides that gross income from estates may be included as income under SDCL 25-7-6.3, but the includable income is limited to the profits or losses that are reflected on federal income tax returns. *See* SDCL 25-7-6.6. Thus, SDCL 25-7-6.6 includes estate profits and losses as income, but not the principal. We also observe that courts considering the distinction between principal and profits/losses derived from principal conclude that the principal is not "income" for purposes of child support.[6] *See Humphreys v.*

_____

(. . . continued)

order. 355 N.W.2d at 8-9. Further, *Gross* was decided before the enactment of the child support guidelines statutes. Therefore, *Gross* does not stand for the proposition that a pending inheritance is "monthly income" for purposes of calculating child support under SDCL 25-7-6.3.

6. Although some states include inheritance as "income," many of those states' statutes provide that "gifts" are a source of income for purposes of calculating child support. *See, e.g., In re A.M.D.*, 78 P.3d 741, 743 (Colo. 2003); *Gardner v. Yrttima*, 743 N.E.2d 353, 357-58 (Ind. Ct. App. 2001); *Goldhamer v. Cohen*,

(continued . . .)

*DeRoss*, 790 A.2d 281, 285 (Pa. 2002) (citing *Strunack v. Ecker*, 424 A.2d 1355 (Pa. Super. Ct. 1981), *rev'd on other grounds*, *Miller v. Johnson*, 436 A.2d 1187 (Pa. 1981)) (using language from Purdon's Pennsylvania Statutes and Consolidated Statutes Title 23, section 4302 to note that because "the [L]egislature specifically included 'income from an interest in an estate or trust' but did not include the principal of an inheritance or trust, it is logical to assume that the [L]egislature did not intend to include the principal."). *See also Robinson v. Robinson*, 961 P.2d 1000, 1003 n.3 (Alaska 1998) (stating that if the property at issue was inherited, "only the interest from its sale and capital gain . . . would qualify as income"); *Cnty. of Kern v. Castle*, 89 Cal. Rptr. 2d. 874, 882 (Cal. Ct. App. 1999) (stating that "one-time gifts or inheritances are not income . . . [but] interest, rents, dividends, etc., which are actually earned from gifts or inheritances, are income for purposes of child support"); *Lasché v. Levin*, 977 A.2d 361, 370 (D.C. 2009) (stating that "the overall structure of the examples of gross income in the [child support obligation statute] appears to exclude transactions involving shifts in and movements of capital as opposed to income"). We therefore conclude the referee and circuit court erred by treating Father's inheritance as monthly income in the calculation of child support under SDCL 25-7-6.3 and SDCL 25-7-6.6.

[¶13.]     It must also be noted that, at the time of the referee's decision, the evidence reflected Father had not received most of the inheritance that the referee included as monthly income. Father expected to receive the larger lump sum

_____

(. . . continued)
        525 S.E.2d 599, 603 (Va. Ct. App. 2000). SDCL 25-7-6.3 does not include
        "gifts" as a source of income.

inheritance in the future. But to be included as income for the calculation of child support, the funds "must first be received by the parent." *Roberts v. Roberts*, 2003 S.D. 75, ¶ 12, 666 N.W.2d 477, 481. "A parent receives income when the allotted amount could be used by the parent to support himself/herself and, thus, his child." *Nace v. Nace*, 2008 S.D. 74, ¶ 7, 754 N.W.2d 820, 823 (internal quotation marks omitted).

[¶14.] In this case, Father had not received much of the inheritance at the time of the hearing. Further, the amount he expected to receive was speculative. Father testified that "[i]t's going to be in the area of about $200,000," and an inheritance of "$200,000 is probably the most." Thus, at the time of the hearing, Father's inheritance was prospective and speculative, and it should not have been used in the calculation of Mother's child support obligation. *See Pasqua v. Pasqua*, 547 A.2d 556, 557 (Conn. App. Ct. 1988) (stating that the trial court erred in including "speculative prospective payments" in its child support order); *Sol v. Sol*, 656 So. 2d 206, 207 (Fla. Dist. Ct. App. 1995) ("[G]ifts which have not yet been received are purely speculative in nature, mere expectancies, and as such are not properly included in the calculation of income for purposes of determining the need for, or the ability to provide, support."); *Brown v. Brown*, 259 N.W.2d 24, 28 (Neb. 1977) (re-stating its prior holding that "a mere prospect or possibility of inheritance was not to be considered in setting the amount of present child support").

[¶15.] We finally note that, although we conclude the principal received from an inheritance is generally not considered income for child support purposes, SDCL 25-7-6.5 allows consideration of such assets in some circumstances. Assets may be

considered when the "child's needs are not being met through the income of the parents[.]" SDCL 25-7-6.5. *See also Arneson*, 2003 S.D. 125, ¶ 34, 670 N.W.2d at 916 (stating that even if the structured settlement payments were not "income" for purposes of calculating a parent's child support obligation, those payments were assets, and thus, could still be considered). This approach is consistent with other jurisdictions that have similar statutory schemes. *See Castle*, 89 Cal. Rptr. 2d. at 878-80, 882-83 (stating that even though an inheritance is not considered income under the child support statutes, the court may consider it in the support calculation); *Lasché*, 977 A.2d at 370-72 (indicating that, although an inheritance is not income, it is a factor that may be taken into account); *Cody v. Evans-Cody*, 735 N.Y.S.2d 181, 183-84 (N.Y. App. Div. 2001) (stating that even though an inheritance is not included in the parents' combined income, it may be considered as a "financial resource" if the calculated award is unjust or inappropriate); *Humphreys*, 790 A.2d at 287-88 (indicating that an inheritance is not "income," but it may be considered as an "asset" when determining a child support obligation).

[¶16.]       Although SDCL 25-7-6.5 allows consideration of an inheritance when the child's needs are not being met, the statute does not allow consideration of Father's inheritance in this case. Neither the court nor the referee found that the "child's needs [were] not being met" through Father's and Mother's income. *See* SDCL 25-7-6.5. Without such finding, Father's inheritance cannot be considered when calculating Mother's child support obligation.

[¶17.]       We reverse and remand for reconsideration of Mother's child support obligation consistent with SDCL chapter 25-7 and this opinion.

#26457

[¶18.]      GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.